Filed 8/31/20  P. v. Lapp CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE, | C091191 |
| Plaintiff and Respondent, | (Super. Ct. No. 18CR27934) |
| v. | |
| RYAN DALE LAPP, | |
| Defendant and Appellant. | |

Appointed counsel for defendant, Ryan Dale Lapp, filed an opening brief that sets forth the facts of the case and asks this court to review the record and determine whether there are any arguable issues on appeal.  (*People v. Wende* (1979) 25 Cal.3d 436.) Having reviewed the record as required by *Wende*, we will order amending of the December 5, 2019, minute order following sentencing to correct certain items inaccurately reflected therein.  Finding no arguable errors that are favorable to defendant, we will affirm the judgment.

1

FACTS AND PROCEDURAL HISTORY

The People's May 23, 2019, information charged defendant with second degree burglary (Pen. Code, § 459, statutory section citations that follow are to the Penal Code; count one), grand theft of personal property (§ 487, subd. (a); count two), receiving stolen property with a value exceeding $950 (§ 496, subd. (a); count three), vandalism with less than $400 in damage (§ 594, subd. (a); count four), and possession of burglar's tools (§ 466; count five).

Thereafter, defendant pleaded no contest to count one in exchange for dismissal of the remaining counts, five years of probation, and 180 days in jail. The stipulated factual basis for the plea was that defendant entered a high school with the intent to commit a theft in excess of $400.

On December 5, 2019, the court sentenced defendant in accordance with the plea. The court ordered the 180 days to be consecutive to the time he was then serving in San Joaquin County in a different matter. The court further imposed a $300 restitution fine (§ 1202.4, subd. (b)), a $300 stayed probation revocation restitution fine (§ 1202.44), a $40 court operations assessment fee (§ 1465.8), a $30 criminal conviction assessment fee (Gov. Code, § 70373), a $300 presentence investigation fee (§ 1203.1b), and $9,679.02 in victim restitution. The court awarded defendant two days actual credit plus two days good time credit for a total of four days custody credit. Defendant timely appealed, indicating he would be challenging issues unrelated to his plea.

DISCUSSION

Appointed counsel filed an opening brief that sets forth the facts and procedural history of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of his right to file a supplemental brief within 30 days

2

from the date the opening brief was filed. More than 30 days have elapsed, and defendant has not filed a supplemental brief.

Having undertaken an examination of the entire record pursuant to *Wende*, we will direct the trial court to correct two errors in the December 5, 2019, minute order following sentencing. First, the $30 per month cost of probation listed was not ordered by the court at sentencing and must be stricken. Second, the court ordered a $300 presentence investigation fee (§ 1203.1b), which is not reflected in the minutes and must be added. Finding no errors that would result in a disposition more favorable to defendant, we will affirm the judgment.

## DISPOSITION

The trial court is directed to correct the December 5, 2019, minute order as explained herein. The judgment is affirmed.

 

 

_____
HULL, Acting P. J.

We concur:

_____
DUARTE, J.

_____
RENNER, J.

3